MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DOMINGOS S. MARTINS DE MELO and
NUVIANA LEBOWITZ, *individually and on behalf of others similarly situated,*

                *Plaintiffs*,

        -against-

JOHN L. LOEB, JR. ASSOCIATES, INC.
(D/B/A JOHN L. LOEB JR.), JOHN
LANGELOTH LOEB JR., and SHARON
HANDLER LOEB,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Domingos S. Martins de Melo and Nuviana Lebowitz, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against John L. Loeb, Jr. Associates, Inc. (d/b/a John L. Loeb Jr.), ("Defendant Corporation"), John Langeloth Loeb Jr. and Sharon Handler Loeb, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1. Plaintiffs are former employees of Defendants John L. Loeb, Jr. Associates, Inc. (d/b/a John L. Loeb Jr.), John Langeloth Loeb Jr., and Sharon Handler Loeb.

2. Defendants own, operate, or control their residence, previously located at 237 East 61st Street, New York, New York 10065 (hereafter the "Manhattan location") and 480 Park Avenue Apt. 21H, New York, New York 10022 (hereafter the "480 Park Avenue location") and currently located at 194 Anderson Hill Road, Purchase, NY 10577 (hereafter the "Purchase location")

3. Upon information and belief, individual Defendants John Langeloth Loeb Jr. and Sharon Handler Loeb, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated their residence as a joint or unified enterprise.

4. Plaintiffs were employed as chefs or cooks, and live-in houseman at a private residence previously located at 237 East 61st Street, New York, New York 10065, and at 480 Park Avenue Apt. 21H, New York, New York 10022 and now located at 194 Anderson Hill Road, Purchase, NY 10577.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, and overtime compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiffs now bring this action on behalf of themselves, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operated their residence located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

12. Plaintiff Domingos S. Martins de Melo ("Plaintiff Melo" or "Mr. Martins") is an adult individual residing in Queens County, New York.

13. Plaintiff Melo was employed by Defendants at the Loeb's Residence from approximately March 2015 until on or about August 12, 2019.

14. Plaintiff Nuviana Lebowitz ("Plaintiff Lebowitz" or "Ms. Lebowitz") is an adult individual residing in Westchester County, New York.

15. Plaintiff Lebowitz was employed by Defendants at the Loeb's Residence from approximately August 2013 until on or about July 5, 2019.

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled their residence, previously located at 237 East 61st Street, New York, New York 10065, 480 Park Avenue Apt. 21H, New York, New York 10022 and now located at 194 Anderson Hill Road, Purchase, NY 10577 under the name of "John L. Loeb Jr.".

17. Upon information and belief, John L. Loeb, Jr. Associates, Inc. (d/b/a John L. Loeb Jr.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 194 Anderson Hill Road, Purchase, NY 10577.

18. Defendant John Langeloth Loeb Jr. is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Langeloth Loeb Jr. is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Langeloth Loeb Jr. possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Sharon Handler Loeb is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sharon Handler Loeb is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sharon Handler Loeb possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate their residences located in the Upper East Side neighborhood of Manhattan and in Westchester county in New York.

21. Individual Defendants, John Langeloth Loeb Jr. and Sharon Handler Loeb, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants John Langeloth Loeb Jr. and Sharon Handler Loeb operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

28. In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the residence on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

30. Plaintiffs are former employees of Defendants who were employed as chefs or cooks, and live-in houseman.

*Plaintiff Domingos S. Martins de Melo*

31. Plaintiff Melo was employed by Defendants from approximately March 2015 until on or about August 12, 2019.

32. Defendants employed Plaintiff Melo as a chef/cook and live-in houseman.

33. Plaintiff Melo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

34. Plaintiff Melo's work duties required neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Melo regularly worked in excess of 40 hours per week.

36. From approximately March 2015 until on or about May 7, 2018, Plaintiff Melo worked at the Manhattan location from approximately 7:00 a.m. until on or about 10:00 p.m. to 10:30 p.m., 5 days a week (typically 75 to 77.5 hours per week).

37. From approximately May 8, 2018 until on or about December 2018, Plaintiff Melo worked at the Purchase and 480 Park Avenue locations from approximately 7:00 a.m. until on or about 10:00 p.m. to 10:30 p.m., 5 days a week (typically 75 to 77.5 hours per week).

38. From approximately January 2019 until on or about August 12, 2019, Plaintiff Melo worked at the Purchase and 480 Park Avenue locations from approximately 9:00 a.m. until on or about 6:00 p.m. to 8:00 p.m., 5 days a week (typically 45 to 55 hours per week).

39. From approximately March 2015 until on or about May 2015, Defendants paid Plaintiff Melo his wages in cash.

40. From approximately June 2015 until on or about August 12, 2019, Defendants paid Plaintiff Melo his wages by check.

41. From approximately March 2015 until on or about December 2018, Defendants paid Plaintiff Melo a fixed salary of $1750 per week.

42. From approximately January 2019 until on or about August 12, 2019, Defendants paid Plaintiff Melo $39.77 per hour for the first 44 hours worked per week and $59.65 per hour for some of his overtime hours.

43. Throughout his employment, Defendants did not pay Plaintiff Melo two hours of work per day driving for Mrs. Loeb.

44. Plaintiff Melo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45. For example, Defendants required Plaintiff Melo to work an additional 1 hour to 2 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

46. From approximately March 2015 until on or about March 2016, Defendants never granted Plaintiff Melo any breaks or meal periods of any kind.

47. Prior to January 2019, Plaintiff Melo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. In March 2018, Defendants required Plaintiff Melo to sign a document, the contents of which he was not allowed to review in detail.

49. Prior to 2019, no notification, either in the form of posted notices or other means, was ever given to Plaintiff Melo regarding overtime and wages under the FLSA and NYLL.

50. Prior to 2019, Defendants did not provide Plaintiff Melo an accurate statement of wages, as required by NYLL 195(3).

51. In fact, Defendants adjusted Plaintiff Melo's paystubs so that they just reflected his wages but not his hours worked.

52. Defendants did not give any notice to Plaintiff Melo, in English and in Portuguese (Plaintiff Melo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. Defendants required Plaintiff Melo to purchase "tools of the trade" with his own funds—including Monthly EZ Pass, car oil's change and tire rotations.

*Plaintiff Nuviana Lebowitz*

54. Plaintiff Lebowitz was employed by Defendants from approximately August 2013 until on or about July 5, 2019.

55. Defendants employed Plaintiff Lebowitz as a cook.

56. Plaintiff Lebowitz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

57. Plaintiff Lebowitz's work duties required neither discretion nor independent judgment.

58. Throughout her employment with Defendants, Plaintiff Lebowitz regularly worked in excess of 40 hours per week.

59. From approximately September 2013 until on or about February 2014, Plaintiff Lebowitz at the Purchase location worked from approximately 7:30 a.m. until on or about 11:30 p.m., 2 days a week (typically 32 hours per week).

60. From approximately February 2014 until on or about July 5, 2019, Plaintiff Lebowitz worked at the Purchase location from approximately 7:30 a.m. until on or about 11:30 p.m., Tuesdays and from approximately 7:30 a.m. until on or about 8:30 a.m. of the next day, Wednesdays (typically 41 hours per week).

61. Throughout her employment, Defendants paid Plaintiff Lebowitz her wages by personal check.

62. From approximately September 2013 until on or about February 2014, Defendants paid Plaintiff Lebowitz a fixed salary of $300 per day.

63. From approximately March 2014 until on or about July 5, 2019, Defendants paid Plaintiff Lebowitz a fixed salary of $300 a day and a fixed salary of $400 a day on Wednesdays (one day a week when she stayed overnight).

64. Throughout her employment, Defendants did not pay Plaintiff Lebowitz four hours of work per day.

65. Plaintiff Lebowitz's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

66. For example, Defendants required Plaintiff Lebowitz to work an additional 4 hours past her scheduled departure time every day, and did not pay her for the additional time she worked.

67. Defendants never granted Plaintiff Lebowitz any breaks or meal periods of any kind.

68. Prior to 2018, Plaintiff Lebowitz was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

69. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lebowitz regarding overtime and wages under the FLSA and NYLL.

70. Defendants did not provide Plaintiff Lebowitz an accurate statement of wages, as required by NYLL 195(3).

71. In fact, Defendants adjusted Plaintiff Lebowitz's paystubs so that they just reflected her wages but not her hours worked.

72. Defendants did not give any notice to Plaintiff Lebowitz of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

73. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, and overtime compensation as required by federal and state laws.

74. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

75. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

76. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

77. Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

78. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

79. On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

80. Defendants paid Plaintiffs their wages in cash and then by check or personal checks.

81. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

82. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

83. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

85. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

98. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

100. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

101. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

103. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106. Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

107. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108. Defendants failed to provide Plaintiffs with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

110. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

113. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs,

further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the NYLL as applicable

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, AND overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 24, 2019

                                                      MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 3, 2019

BY HAND

TO:　Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name /　　　　　　　　　　　　Domingos S. Martins de Melo

Legal Representative /　　　　　Michael Faillace & Associates, P.C.

Signature /　　　　　　　　　　*Domingos S. M. de Melo*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 29, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Nuviana Lebowitz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 *[signature]*

Date / Fecha:                      29 de agosto 2019