**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DOMINGOS S. MARTINS DE MELO and
NUVIANA LEBOWITZ, *individually and on behalf of others similarly situated*,

                        *Plaintiffs*,

        -against-

JOHN L. LOEB, JR. ASSOCIATES, INC.
(D/B/A JOHN L. LOEB JR.), JOHN
LANGELOTH LOEB JR. , and SHARON
HANDLER LOEB ,

                        *Defendants*.
------------------------------------------------------------X

19-cv-08872-RA

**ANSWER AND COUNTERLCAIMS**

ECF Case

Defendants, by and through their attorneys, submit this Answer and Counterclaims to the Complaint filed by Plaintiffs.

## ANSWER

## NATURE OF ACTION

1.    Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiffs are former employees of Defendant John Langeloth Loeb Jr. (the former United States Ambassador to Denmark).

2.    Defendants deny the allegations in paragraph 2 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. formerly owned a residence at 237 East 61st Street, New York, New York 10065 and currently owns residences at 480 Park Avenue Apt. 21H, New York, New York 10022 and 194 Anderson Hill Road, Purchase, NY 10577.

3. Defendants deny the allegations in paragraph 3 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. owns Defendant John L. Loeb, Jr. Associates, Inc.

4. Defendants deny the allegations in paragraph 4 of the Complaint, except admit that Plaintiff Melo was employed as a cook and live-in houseman at a private residence at 237 East 61st Street, New York, New York 10065 until shortly before it was sold in 2019, and then as a cook and non-live-in houseman at private residences at 480 Park Avenue Apt. 21H, New York, New York 10022 and 194 Anderson Hill Road, Purchase, NY 10577, and Plaintiff Lebowitz was employed as a part-time cook and live-in houseman at a private residence at 194 Anderson Hill Road, Purchase, NY 10577.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants aver that paragraph 9 of the Complaint sets forth legal conclusions to which no response is required.

## JURISDICTION AND VENUE

10. Defendants aver that paragraph 10 of the Complaint sets forth legal conclusions to which no response is required.

11. Defendants deny the allegations in paragraph 11 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. owns residences located in this district and that Plaintiffs were employed by Defendant John Langeloth Loeb Jr. in this District, and aver that to the extent paragraph 11 sets forth legal conclusions, no response is required.

## PARTIES

*Plaintiffs*

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint, except admit that Plaintiff Melo was employed by Defendant John Langeloth Loeb Jr. from March 2015 to April 2019 at 237 East 61st Street, New York, New York 10065, and from April 2019 to August 12, 2019 at 194 Anderson Hill Road, Purchase, NY 10577 and 480 Park Avenue Apt. 21H, New York, New York 10022.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint. Plaintiff Lebowitz was employed by Defendant John Langeloth Loeb Jr. at 194 Anderson Hill Road, Purchase, NY 10577 from August 11, 2014 to April 28, 2015 (when her employment was terminated after she told Ambassador Loeb that she was receiving Social Security benefits through her deceased husband and had been working even though she was not supposed to be working or she would get in trouble with the Social Security Administration) and October 29, 2016 to July 5, 2019.

*Defendants*

16. Defendants deny the allegations in paragraph 16 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. formerly owned a residence at 237 East 61st Street, New York, New York 10065 and currently owns residences at 480 Park Avenue Apt. 21H, New York, New York 10022 and 194 Anderson Hill Road, Purchase, NY 10577.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. owns Defendant John L. Loeb, Jr. Associates, Inc., a domestic corporation organized and existing under the laws of the State of New York.

18. Defendants deny the allegations in paragraph 18 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. is an individual who owns Defendant John L. Loeb, Jr. Associates, Inc., and aver that to the extent paragraph 18 sets forth legal conclusions, no response is required.

19. Defendants deny the allegations in paragraph 19 of the Complaint, except admit that

Sharon Handler Loeb is an individual, and aver that to the extent paragraph 19 sets forth legal conclusions, no response is required.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants deny the allegations in paragraph 20 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. formerly owned a residence at 237 East 61st Street, New York, New York 10065 and currently owns residences at 480 Park Avenue Apt. 21H, New York, New York 10022 and 194 Anderson Hill Road, Purchase, NY 10577.

21. Defendants deny the allegations in paragraph 21 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. owns Defendant John L. Loeb, Jr. Associates, Inc.

22. Defendants deny the allegations in paragraph 22 of the Complaint, and aver that to the extent paragraph 22 sets forth legal conclusions, no response is required.

23. Defendants deny the allegations in paragraph 23 of the Complaint, except as to Defendant John Langeloth Loeb Jr.

24. Defendants deny the allegations in paragraph 24 of the Complaint, and aver that to the extent paragraph 24 sets forth legal conclusions, no response is required.

25. Defendants deny the allegations in paragraph 25 of the Complaint, and aver that to the extent paragraph 25 sets forth legal conclusions, no response is required.

26. Defendants deny the allegations in paragraph 26 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. is an individual who owns Defendant John L. Loeb, Jr. Associates, Inc., and aver that to the extent paragraph 26 sets forth legal conclusions, no response is required.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. employed Plaintiffs, and aver that to the extent paragraph 27 sets forth legal conclusions, no response is required.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in the first sentence of paragraph 29 of the Complaint, and aver that to the extent paragraph 29 sets forth legal conclusions, no response is required. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 29 of the Complaint.

*Individual Plaintiffs*

30. Defendants deny the allegations in paragraph 30 of the Complaint, except admit that Defendant John Langeloth Loeb Jr. employed Plaintiffs as cooks and at times as live-in houseman.

*Plaintiff Domingos S. Martins de Melo*

31. Defendants deny the allegations in paragraph 31 of the Complaint, except admit that Plaintiff Melo was employed by Defendant John Langeloth Loeb Jr. from March 2015 to August 12, 2019.

32. Defendants deny the allegations in paragraph 32 of the Complaint, except admit Defendant John Langeloth Loeb Jr. employed Plaintiff Melo as a cook and as a houseman who at times was live-in and at times was not live-in.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint. Defendants aver that Plaintiff Melo's own timesheets, which he started completing in March 2018, contradict his allegations about the hours he worked at the Manhattan location (237 East 61st Street, New York, New York 10065).

37. Defendants deny the allegations in paragraph 37 of the Complaint. Defendants aver that Plaintiff Melo's own timesheets, which he started completing in March 2018, contradict his

allegations about the hours he worked at the Purchase and 480 Park Avenue locations during this time period.

38. Defendants deny the allegations in paragraph 38 of the Complaint. Defendants aver that Plaintiff Melo's own timesheets, which he started completing in March 2018, contradict his allegations about the hours he worked at the Purchase and 480 Park Avenue locations during this time period.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint, except admit that Plaintiff Melo was paid overtime.

43. Defendants deny the allegations in paragraph 43 of the Complaint. Plaintiff Melo sought to be paid for his commuting time driving himself to and from work, submitting fraudulent bills for such commuting time.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint, except admit that prior to March 2018, Defendants did not utilize any time tracking device such as punch cards, and aver that Melo's employer has other evidence of his work hours, including but not limited to the observations of other employees. Defendants also aver that Plaintiff Melo submitted false timesheets.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint. Defendants aver that Plaintiff Melo was asked to take the train to commute from his home in Queens to and from work at 194 Anderson Hill Road, Purchase, NY 10577, but refused and insisted on driving his car.

*Plaintiff Nuviana Lebowitz*

54. Defendants deny the allegations in paragraph 54 of the Complaint, and aver that Plaintiff Lebowitz was employed by Defendant John Langeloth Loeb Jr. at 194 Anderson Hill Road, Purchase, NY 10577 from August 11, 2014 to April 28, 2015 (when her employment was terminated

after she told Ambassador Loeb that she was receiving Social Security benefits through her deceased husband and had been working even though she was not supposed to be working or she would get in trouble with the Social Security Administration) and October 29, 2016 to July 5, 2019.

55. Defendants deny the allegations in paragraph 55 of the Complaint, and aver that Defendant John Langeloth Loeb Jr. employed Plaintiff Lebowitz as a cook.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint, and aver that Plaintiff Lebowitz worked part-time only *two days per week* and did not work in excess of 40 hours per week.

59. Defendants deny the allegations in paragraph 59 of the Complaint. Defendants aver that not only did Plaintiff Lebowitz not work the hours alleged, she often failed to perform her assigned duties and other employees had to perform them instead.

60. Defendants deny the allegations in paragraph 60 of the Complaint. Defendants aver that not only did Plaintiff Lebowitz not work the hours alleged, she often failed to perform her assigned duties and other employees had to perform them instead. Defendants also aver that Plaintiff Lebowitz submitted grossly inflated, knowingly false timesheets.

61. Defendants admit the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint, and aver that not

only did Plaintiff Lebowitz take breaks, she often took unauthorized extended breaks for hours out of the house when Defendant John Langeloth Loeb Jr. was not home.

68. Defendants admit the allegations in paragraph 68 of the Complaint, and aver that Lebowitz's employer has other evidence of her work hours.

69. Defendants admit the allegation in paragraph 69 of the Complaint that Plaintiff Lebowitz was not given notice regarding an overtime rate, and otherwise deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants admit the allegation in paragraph 72 of the Complaint.

*Defendants' General Employment Practices*

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint, and aver that paragraph 86 of the Complaint sets forth legal conclusions to which no response is required.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

87. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

88. Defendants deny the allegations in paragraph 88 of the Complaint, and aver that paragraph 88 of the Complaint sets forth legal conclusions to which no response is required.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint, and aver that paragraph 90 of the Complaint sets forth legal conclusions to which no response is required.

91. Defendants deny the allegations in paragraph 91 of the Complaint, and aver that paragraph 91 of the Complaint sets forth legal conclusions to which no response is required.

92. Defendants deny the allegations in paragraph 92 of the Complaint, and aver that paragraph 92 of the Complaint sets forth legal conclusions to which no response is required.

93. Defendants deny the allegations in paragraph 93 of the Complaint, and aver that paragraph 93 of the Complaint sets forth legal conclusions to which no response is required.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

95. Defendants deny the allegations in paragraph 95 of the Complaint, and aver that paragraph 95 of the Complaint sets forth legal conclusions to which no response is required.

96. Defendants deny the allegations in paragraph 96 of the Complaint, and aver that

paragraph 96 of the Complaint sets forth legal conclusions to which no response is required.

97. Defendants deny the allegations in paragraph 97 of the Complaint, and aver that paragraph 97 of the Complaint sets forth legal conclusions to which no response is required.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

98. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

99. Defendants deny the allegations in paragraph 99 of the Complaint, and aver that paragraph 92 of the Complaint sets forth legal conclusions to which no response is required.

100. Defendants deny the allegations in paragraph 100 of the Complaint, and aver that paragraph 100 of the Complaint sets forth legal conclusions to which no response is required.

101. Defendants deny the allegations in paragraph 101 of the Complaint, and aver that paragraph 101 of the Complaint sets forth legal conclusions to which no response is required.

102. Defendants deny the allegations in paragraph 102 of the Complaint, and aver that paragraph 102 of the Complaint sets forth legal conclusions to which no response is required.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

103. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

104. Defendants deny the allegations in paragraph 104 of the Complaint, and aver that paragraph 104 of the Complaint sets forth legal conclusions to which no response is required.

105. Defendants deny the allegations in paragraph 105 of the Complaint, and aver that paragraph 105 of the Complaint sets forth legal conclusions to which no response is required.

106. Defendants deny the allegations in paragraph 106 of the Complaint, and aver that paragraph 106 of the Complaint sets forth legal conclusions to which no response is required.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

107. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

108. Defendants deny the allegations in paragraph 108 of the Complaint, and aver that paragraph 108 of the Complaint sets forth legal conclusions to which no response is required.

109. Defendants deny the allegations in paragraph 109 of the Complaint, and aver that paragraph 109 of the Complaint sets forth legal conclusions to which no response is required.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT
### PROVISIONS OF THE NEW YORK LABOR LAW

110. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

111. Defendants deny the allegations in paragraph 111 of the Complaint, and aver that paragraph 111 of the Complaint sets forth legal conclusions to which no response is required.

112. Defendants deny the allegations in paragraph 112 of the Complaint, and aver that paragraph 112 of the Complaint sets forth legal conclusions to which no response is required.

### SEVENTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT
### COSTS

113. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

114. Defendants deny the allegations in paragraph 114 of the Complaint, and aver that paragraph 114 of the Complaint sets forth legal conclusions to which no response is required.

115. Defendants deny the allegations in paragraph 115 of the Complaint, and aver that paragraph 115 of the Complaint sets forth legal conclusions to which no response is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Defendants aver that paragraph (a) of the Prayer For Relief sets forth legal conclusions to which no response is required;

(b) Defendants aver that paragraph (b) of the Prayer For Relief sets forth legal conclusions to which no response is required;

(c) Defendants aver that paragraph (c) of the Prayer For Relief sets forth legal

conclusions to which no response is required;

  (d) Defendants aver that paragraph (d) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (e) Defendants aver that paragraph (e) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (f) Defendants aver that paragraph (f) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (g) Defendants aver that paragraph (g) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (h) Defendants aver that paragraph (h) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (i) Defendants aver that paragraph (i) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (j) Defendants aver that paragraph (j) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (k) Defendants aver that paragraph (k) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (l) Defendants aver that paragraph (l) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (m) Defendants aver that paragraph (m) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (n) Defendants aver that paragraph (n) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (o) Defendants aver that paragraph (o) of the Prayer For Relief sets forth legal conclusions to which no response is required;

  (p) Defendants aver that paragraph (p) of the Prayer For Relief sets forth legal

conclusions to which no response is required; and

(q)     Defendants aver that paragraph (q) of the Prayer For Relief sets forth legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

116.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

117.    Plaintiffs' claims are barred by the doctrines of unclean hands and estoppel.

### THIRD AFFIRMATIVE DEFENSE

118.    Plaintiffs are precluded from recovery because of their own wrongdoing or negligent conduct.

### FOURTH AFFIRMATIVE DEFENSE

119.    Plaintiffs' claims are barred due to their commission of fraudulent and/or illegal conduct.

### FIFTH AFFIRMATIVE DEFENSE

120.    Plaintiffs' claims under NYLL 195 are barred because they were paid all wages due.

### SIXTH AFFIRMATIVE DEFENSE

121.    Plaintiffs are not entitled to liquidated damages because Defendants at all time acted in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

122.    Plaintiffs breached the faithless servant doctrine and their fiduciary duties.

## COUNTERCLAIMS

1.      Defendant John Langeloth Loeb Jr. sold 237 East 61st Street, New York, New York 10065, where Plaintiff Melo had worked as a live-in houseman and cook, at the end of April 2018.

2.      Subsequently, Plaintiff Melo was asked if he wanted to continue in the job, but

working at 194 Anderson Hill Road, Purchase, NY 10577, and at 480 Park Avenue Apt. 21H, New York, New York 10022, as a cook and non-live-in houseman.  He agreed.

3.     Plaintiff Melo was asked by Sharon Handler Loeb multiple times to take the train to commute from his home in Queens to work at 194 Anderson Hill Road, Purchase, NY 10577, but he refused and insisted on driving his car.

4.     Plaintiff Melo nevertheless began systematically defrauding Defendant John Langeloth Loeb Jr. by submitting to the bookkeeper handwritten requests for payment for time spent driving for his commute.

5.     Plaintiff Melo even sometimes submitted requests for payment for two round trips in one day, even though he never drove to and from the Purchase home twice in one day.

6.     Plaintiff Melo even sometimes submitted requests for payment for the commute of his daughter Beatriz Melo when she came to work with him.

7.     The bookkeeper, misled by Plaintiff Melo into believing the time was compensable time spent working rather than commuting, complied with Plaintiff Melo's requests for payment without authorization.

8.     Plaintiff Melo deliberately submitted these requests directly to the bookkeeper, rather than put the time on his weekly timesheets, because he knew he was not supposed to be paid for commuting time.  He knew that the timesheets were reviewed by his supervisor for approval, and it would have been obvious that he was listing a "Start Time" that was before he arrived at the Purchase home for work and that he was improperly including commuting time as work time.

9.     Plaintiff Melo continued to fraudulently submit to the bookkeeper and be paid for commuting time even after Defendant Sharon Handler Loeb reiterated to him in July 2019 that commuting time was not work time that he was to be paid for.

10.    In addition, Plaintiff Melo systematically engaged in double-dipping, defrauding Defendant John Langeloth Loeb Jr. by submitting to the bookkeeper handwritten requests for payment for time spent driving Defendant Sharon Handler Loeb on errands or from the home in

Purchase to the home in Manhattan -- even though he was already being paid his hourly wage for that same time.

11. The bookkeeper, misled by Plaintiff Melo into believing the time was compensable time Plaintiff Melo was not otherwise being compensated for, complied with Plaintiff Melo's requests for payment without authorization.

12. Plaintiff Melo deliberately submitted these requests directly to the bookkeeper, rather than put the time on his weekly timesheets, because he knew he was already being paid for this time and that it was already listed as work time on his timesheets.

13. Neither Defendant John Langeloth Loeb Jr. nor Defendant Sharon Handler Loeb were aware at the time that Plaintiff Melo was engaging in these frauds.

14. Plaintiff Melo also systematically defrauded Defendant John Langeloth Loeb Jr. by submitting to the bookkeeper requests for reimbursement for personal expenses, for example for snacks and meals purchased on work days including breakfast before work and for meals of people he was eating with (the policy was to reimburse up to a maximum of $15 per diem for an employee's lunch, not other meals or the meals of other people, and Plaintiff Melo's meal expenses were often not for lunch, were often well over $15, and included the meals of other people), parking near his home in Queens, plywood, his Macy's personal credit card, and even for a Rubik's Cube.

15. The bookkeeper, misled by Plaintiff Melo into believing the expenses were reimbursable, complied with some of Plaintiff Melo's requests for payment without authorization.

16. When it was discovered that Plaintiff Melo was engaging in this expense fraud, the bookkeeper asked Plaintiff Melo questions in writing on the expense requests about what the expenses were for, but Plaintiff Melo failed to respond, as he knew he was not entitled to reimbursed.

17. Plaintiffs Melo and Lebowitz also submitted false timesheets.

## FIRST COUNTERCLAIM
## BREACH OF THE FAITHLESS SERVANT DOCTRINE/
## BREACH OF FICUDIARY DUTY AGAINST PLAINTIFFS

18. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

19. Plaintiffs' misconduct breached their duty of loyalty and good faith, they acted adversely to the interests of their employment, and/or their misconduct and unfaithfulness substantially violated their contract of service such that it permeated the employee's service.

20. Plaintiffs therefore must forfeit, and disgorge, all compensation received during the time period in which they violated their duties.

## SECOND COUNTERCLAIM
## BREACH OF CONTRACT AGAINST PLAINTIFFS

21. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

22. Plaintiffs breached their agreements with their employer concerning the terms and conditions of their employment.

23. Plaintiff's breaches of their agreements damaged their employer.

## THIRD COUNTERCLAIM
## CONVERSION/THEFT AGAINST PLAINTIFF MELO

24. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

25. Plaintiff Melo intentionally obtained payments from his employer for driving time, personal expenses, and compensation to which he was not entitled.

## FOURTH COUNTERCLAIM
## FRAUD AGAINST PLAINTIFF MELO

26. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

27. Plaintiff Melo misrepresented the nature of the driving time he was seeking payment for, that the expenses he seeking reimbursement for were business expenses to which he was entitled to reimbursement, and his time on his timesheets.

28. Plaintiff Melo knew these misrepresentations were false.

29. Plaintiff Melo made these misrepresentations with the intent to deceive and for the

purpose of inducing the recipient to act upon it and pay him amounts to which he was not entitled.

30. The recipient of Plaintiff Melo's misrepresentations relied on them, resulting in damage to Plaintiff Melo's employer by paying him amounts to which he was not entitled.

## PRAYER FOR RELIEF

WHEREFORE, Defendant John Langeloth Loeb Jr. demands trial by jury, and prays for judgment in his favor a) against Plaintiffs for forfeiture and disgorgement of compensation, in amounts to be determined at trial, plus interest, costs, expenses, and disbursements incurred in this action, and b) against Plaintiff Melo for damages of an amount to be determined at trial, plus interest, costs, expenses, and disbursements incurred in this action, and c) such other and further relief as the Court my deem just and proper.

Dated: January 27, 2020
    New York, New York

LAW OFFICE OF MICHAEL GRENERT, PLLC

By: _____s/_____
Michael E. Grenert
Counsel for Defendants
214 W. 29th St., 2nd Floor
New York, New York 10001-5340
Telephone:  (917) 553-2050
Facsimile:  (917) 725-8525
Email:  mgrenert@grenertlaw.com